THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER RUBEY,<br><br>Plaintif,<br>v.<br><br>RANDY BLONDIN, in personam, and THE F/V STEPHANIE LYNN, OFFICIAL NUMBER 585815, HER ENGINES, MACHINERY, APPURTENANCES, AND CARGO, in rem,<br><br>Defendants. | CASE NO. C25-2662-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss or alternatively to transfer venue (Dkt. No. 15). Finding good cause,[1] the Court GRANTS in part and DENIES in

[1] A court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted). A motion to transfer venue requires a court to weigh multiple factors in its determination whether transfer is appropriate, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

part the motion and TRANSFERS this case to the District of Alaska pursuant to 28 U.S.C. § 1404(a). The Clerk is DIRECTED to transfer this case to the District of Alaska.

DATED this 27th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

*Id.* at 498–99. Based on the considerations above, as applied to allegations in this case, (*see* Dkt. Nos. 1, 16, 17, 20, 22), the Court FINDS good cause to transfer the matter to the District of Alaska.